AB:ILB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ALDALE ALPHANSO GUTHRIE,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

PRE-ARRAIGNMENT
COMPLAINT

(21 U.S.C. §§ 952(a) and 960)

22-MJ-1275

EASTERN DISTRICT OF NEW YORK, SS:

Michael W. Flood, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

On or about November 28, 2022, within the Eastern District of New York and elsewhere, the defendant ALDALE ALPHANSO GUTHRIE, together with others, did knowingly and intentionally import one or more controlled substances into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 952(a) and 960)

The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been involved in the investigation of numerous cases involving narcotics trafficking by couriers who ingest narcotics inside their bodies during transport. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On November 28, 2022, the defendant arrived at John F. Kennedy International Airport ("JFK") in Queens, New York aboard COPA Airlines flight number 808 from Panama City, Panama. The defendant was traveling alone and was in possession of a Jamaican passport and a United States B1/B2 nonimmigrant visa. The defendant was selected for an enforcement examination by United States Customs and Border Protection ("CBP") officers. CBP officers conducted a baggage examination of the defendant's luggage, after which the defendant admitted to having swallowed approximately 89 pellets of narcotics prior to boarding his flight.

3. The defendant was transported to the JFK medical facility, where he consented to an x-ray exam that confirmed the presence of foreign bodies inside the defendant. The defendant then passed 16 pellets on his first bowel movement. Officers probed one of the pellets, which contained a white powdery substance that field-tested positive for cocaine.

4. The defendant was subsequently placed under arrest for importation of a controlled substance to the United States. After his arrest, the defendant was informed of and agreed to waive his Miranda rights and agreed to be interviewed by agents with the Department of Homeland Security, Homeland Security Investigations. During that interview, the defendant

3

admitted to having swallowed 89 pellets of narcotics prior to his flight. He also admitted, in substance, that although he was not sure what kind of drugs was in the pellets, he knew the pellets contained drugs. He further stated that he was supposed to be paid $5000 for the trip. The defendant went on to state that he previously imported drugs to the United States, for which he was paid $4,000.

5. The defendant ALDALE ALPHANSO GUTHRIE will be detained at the JFK Airport medical facility until such time as he has passed all the pellets contained within his intestinal track.

WHEREFORE, your deponent respectfully requests that the defendant ALDALE ALPHANSO GUTHRIE be dealt with according to law.

_____
Michael W. Flood
Special Agent, United States Department of Homeland Security, Homeland Security Investigations

Sworn to before me this
30th day of November, 2022